**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL J. PETROS,**

    **Plaintiff,**

    v.                                    **CIVIL ACTION NO. 5:05cv140**
                                              **(Judge Stamp)**

**CITY OF WHEELING,
TOM BAILER, Mayor,
BRENT BUSH, Commissioner
JOHN CARENBAUER,JIM GESSLER,
ROBERT HENRY, STELLA KOENER,
VERN SEALS, CLYDE THOMAS,
JOHN LIPPHARDT, MIKE NOW,
JOHN WEST, and LLOYD ADAMS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 30, 2005, the *pro se* plaintiff filed a complaint and a motion to proceed *in forma pauperis* which was referred to the undersigned for disposition. On February 9, 2006 an Order was entered granting the plaintiff's motion. On February 13, 2006, this matter was referred to the undersigned for action under 28 U.S.C. § 1915(e), and the matter is now ripe for review.

### II. THE COMPLAINT

The plaintiff's complaint, which is disjointed at best, appears to allege that various actions by the named defendants violated the employment policies of the City of Wheeling and that he was wrongfully fired. In addition, the plaintiff alleges that he was "kicked out" of a city council meeting, where it must be assumed he was attempting the address his complaints against the City of Wheeling. As relief, the plaintiff is seeking a trial and $10,000,000 in damages.

## III. ANALYSIS

When Congress originally enacted the federal *in forma pauperis* statute, it "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because...poverty makes it impossible...to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992). (Internal quotations and citations omitted). At the same time it sought to increase indigent persons' access to the courts, however, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. (Internal quotations and citations omitted). Therefore, Congress included a statutory provision that allowed a court to dismiss a pauper's case if the court was satisfied that the complaint was frivolous or malicious. Id. That provision is 28 U.S.C. §28 U.S.C. § 1915(e)(2) which provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time is the Court determines that –
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal–
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

Under the doctrine of *re judicata*, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Meekins v. United Transp. Union, 946 F.2d 1054, 1957 (4th Cir. 1991). By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior

2

proceeding, "[r]es judicata...encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown v. Felsen, 442 U.S. 127, 131 (1979).

On June 10, 1998, the plaintiff initiated an *in forma pauperis* action in this Court alleging that the City Council of Wheeling had violated his Constitutional right to freedom of speech by denying him the opportunity to speak before the Wheeling City Council meeting held on December 11, 1990.[1] It would appear that he wished to address the Council about his termination as an employee of the city sanitation department. The Plaintiff had previously sued the City Council of Wheeling concerning the same incident in the Circuit Court of Ohio County, West Virginia. In an order entered on August 27, 1996, in Michael J. Petros v. Wheeling City Council Members, et al., Civil Action No. 95-C-144, Judge Risovich of the Circuit Court of Ohio County, West Virginia dismissed the plaintiff's complaint upon finding that the defendant had not violated the plaintiff's Constitutional or civil rights and that, even if his allegations were true, his cause of action had ceased to exist by operation of law prior to the time he filed the action. Therefore, after a thorough analysis of the applicable law, this Court applied the doctrine of *res judicata* and entered an Order on November 30, 1998, dismissing the plaintiff's complaint with prejudice.

Likewise, the plaintiff's pending complaint is barred by the doctrine of *res judicata*. The plaintiff's complaint, to the extent that it addresses the actions of the City Council of Wheeling at the meeting held on December 11, 1990, were raised in his previous case in this Court and were dismissed with prejudice. In addition, any allegation that he may be raising regarding employment discrimination arises out of events that preceded his first complaint in this Court and could have been raised at that time.

---

[1] Civil Action No. 5:97cv87.

Accordingly, the claims raised in his second *in forma pauperis* complaint are now barred by *res judicata* and should be dismissed under § 1915(e) as he has no claim upon which relief may be granted.

### III.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the plaintiff's complaints should be DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: May 9, 2006

               James E. Seibert
               JAMES E. SEIBERT
               UNITED STATES MAGISTRATE JUDGE