IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL J. PETROS,

    Plaintiff,

v.                                          Civil Action No. 5:05CV140
                                                             (STAMP)

CITY OF WHEELING,
TOM BAILER, Mayor,
BRENT BUSH, Commissioner,
JOHN CARENBAUER, JIM GESSLER,
ROBERT HENRY, STELLA KOENER,
VERN SEALS, CLYDE THOMAS,
JOHN LIPPHARDT, MIKE NOW,
JOHN WEST and LLOYD ADAMS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

On August 30, 2005, Michael J. Petros ("Petros") filed a complaint as a pro se litigant and is proceeding in forma pauperis under 28 U.S.C. § 1915(e). This suit involves his third complaint against the City of Wheeling, West Virginia ("City"). Petros's grievance arises from his removal from a City Council meeting in December 1990, where he was expressing his dissatisfaction with his termination as a city sanitation employee. His first suit in the Circuit Court of Ohio County, West Virginia as well as his second suit in the United States District Court for the Northern District of West Virginia were resolved in favor of the City. The plaintiff's first two complaints allege employment discrimination

and violations of his First Amendment rights. In his present complaint, Petros requests several million dollars in damages and a trial by jury.[1]

After Petros's August 2005 filing, United States Magistrate Judge James E. Seibert was directed to prepare a report and recommendation relating to Petros's complaint. On May 9, 2006, Magistrate Judge Seibert filed a report recommending that Petros's claim be dismissed with prejudice pursuant to § 1915(e) because the complaint did not state a claim upon which relief could be granted. Subsequently, Petros filed an objection.[2]

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portion's of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because an objection has been filed, this Court reviews the opinion of the magistrate de novo and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

---

[1] In addition to his complaint, Petros has filed a motion for $100,000,000.00 in damages and a motion to reopen his case. Since his claim is barred by res judicata, his subsequent motions are without merit and are denied pursuant to this opinion.

[2] Petros has filed a response to the magistrate judge's recommendation, and this Court will liberally construe it as an objection.

2

## II. Discussion

Petros requests relief on the grounds that his First Amendment rights were violated and that the City of Wheeling violated its own employment policies to his detriment. However, the plaintiff's claim for relief is barred by the doctrine of res judicata and should be dismissed under § 1915(e) because "the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

A plaintiff may proceed in forma pauperis, "without prepayment of fees or security," under 28 U.S.C. § 1915(e) upon a showing of inability to pay court fees. Section 1915(e) was enacted to allow everyone access to the courts. Denton v. Hernandez, 504 U.S. 25, 31 (1992). However, significant waste can result from non-meritorious pro se claims. Id. Therefore, cases can only proceed in forma pauperis subject to several restrictions:

> [T]he court shall dismiss the case at any time if the court determines that --
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal --
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2000).

Res judicata bars litigation of complaints that have already been resolved in order to limit unnecessary costs. Brown v. Felsen, 442 U.S. 127, 131 (1979). Also, res judicata promotes the finality of judgments and provides closure to litigants. Montana v. United States, 440 U.S. 147, 153 (1979). A suit is barred by res judicata if the second suit would be the same as a previous one. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). In addition, res judicata can bar a federal suit initially filed in the state system. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982). Ultimately, the following three elements must be satisfied for a suit to be barred by the doctrine of res judicata:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Blake v. Charleston Area Med. Ctr., Inc., 498 S.E.2d 41, 49 (W. Va. 1997); see also Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990).

The first element of res judicata, a prior final judgment, is satisfied as Petros's case was dismissed by the Circuit Court of Ohio County in Michael J. Petros v. Wheeling City Council Members, Civil Action No. 95-C-144, for failure to state a claim upon which

4

relief can be granted. Federated Dep't Stores, 452 U.S. at 398. Dismissal of a complaint for failure to state a claim is a final judgment on the merits. Sprouse v. Clay Communications, Inc., 211 S.E.2d 674, 696 (W. Va. 1975).

Subsequently, Petros filed a second compliant against the City of Wheeling in the United States District Court of the Northern District West Virginia in January 1998. In Michael J. Petros v. City Council of Wheeling, Civil Action No. 5:97CV87, the plaintiff was again denied relief for failure to state a claim. Accordingly, the first element of res judicata has been satisfied with respect to his present complaint against the City of Wheeling.

The second element of res judicata has also been satisfied because the parties in the three suits are the same. Blake, 498 S.E.2d at 49; see also Aliff, 914 F.2d at 42. Specifically, Petros names in each of his actions the City of Wheeling and individual council members. Accordingly, the second element has been met.

Finally, the third element of res judicata has been met because this action has arisen out of the same controversy as Petros's previous two actions. For a claim to be barred by res judicata, the subsequent suit must have arisen from the same controversy or controversies that could have been argued during the original suit. Blake, 498 S.E.2d at 49. All of Petros's grievances have arisen from his claim of employment discrimination and his ejection from a 1990 City Council meeting, where he was

expressing his disapproval over the City's employment practices. Accordingly, the third element of res judicata has been satisfied.

Petros's claim is barred by res judicata, and should be dismissed with prejudice pursuant to § 1915(e).[3]

### III. Conclusion

For the reasons stated above, the plaintiff's complaint is DISMISSED WITH PREJUDICE. Accordingly, the motion for $100,000,000.00 and the motion to reopen the case are hereby DENIED. It is further ORDERED that this action be STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

---

[3]Dismissal of a case under § 1915(e) is appropriate when res judicata has eliminated all claims upon which relief can be granted. Cieszkowska v. Gray Line New York, 295 F.3d 204, 206 (2d Cir. 2002); see also Brown v. Briscoe, 998 F.2d 201, 203 (4th Cir. 1993)(stating a district court can dismiss an in forma pauperis case that lacks a legal basis).

DATED:     June 16, 2006

                                          <u>/s/ Frederick P. Stamp, Jr.</u>
                                          FREDERICK P. STAMP, JR.
                                          UNITED STATES DISTRICT JUDGE